IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PAUL KARMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-065 |
| | ) | |
| UNITED STATES OF AMERICA; ROBERT WILKIE, Secretary of U.S. Department of Veterans Affairs; and MARK ESPER, Secretary of U.S. Department of Defense, responsible for Defense Finance & Accounting Service, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER SETTING MEDIATION**
_____

By request of the parties, the Court hereby schedules a mediation before the undersigned on <u>Wednesday, October 21, 2020, at 9:00 a.m.</u>, by video teleconference. Video appearance by the parties is required to increase the efficiency and effectiveness of the mediation by reducing the time for communication of offers and expanding the ability to explore options for settlement. A party representative with full settlement authority shall appear by video conference. If any party is insured for the claims at issue, a representative of the insurer with full settlement authority shall also appear in person.

Mediation conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Before arriving at the mediation, the parties are to negotiate and make a good faith effort to settle the case without involvement of the Court. Specific proposals and counter

proposals shall be made.

Each party shall submit, in confidence, a concise statement of the evidence the party expects to produce at trial to the undersigned via email to Courtnay_Capps@gas.uscourts.gov by 5:00 p.m., on October 16, 2020. The statements should include analysis of the strengths and weaknesses of the case and outline the settlement negotiations to date. The statements should also include the name of each individual attending the mediation and in what capacity that person is attending. The statement is not to exceed ten typed pages, double-spaced.

The mediation will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party. The parties agree, by participating in the settlement conference, that any statements made or presented during the conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings. However, the undersigned will share the results of mediation with the presiding District Judge, including in the event of an unsuccessful mediation the last offers of the parties, the resulting gap mediation could not bridge, and the undersigned's assessment of whether additional mediation efforts may be successful.

The parties, through counsel, should be prepared to begin the mediation with a brief presentation outlining the factual and legal highlights of the case. Separate, confidential caucuses will then be held with each party. Attached is an outline for counsel to review with the parties prior to the mediation to make the best use of the limited time allotted.

The Court **GRANTS** the parties' request to stay discovery, (doc. no. 13, p. 2), and **STAYS** all remaining case deadlines pending mediation and will reset deadlines if necessary after the conclusion of the mediation process. The Court **DIRECTS** the **CLERK** to terminate

the motion associated with the 26(f) Report, (Id.).

SO ORDERED this 13th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## **SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A. FORMAT

   1. Parties with ultimate settlement authority must be personally present. If this is not possible, you must notify the judge in advance and discuss the alternatives.

   2. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly. The judge will not meet with parties separate from counsel.

B. ISSUES

   1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

   2. What remedies are available resulting from this litigation? From a settlement?

   3. Is there any ancillary litigation pending or planned which affects case value? What about liens?

   4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

   5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

   6. Is Defendant and/or its carrier solvent?

C. AUTHORITY

   1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the judge and a notice of the settlement conference will be sent.

   2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier?

D.  NEGOTIATIONS

1.  Where did your last discussion end?

2.  Discuss settlement with the opposing parties before the mediation to make it proceed more efficiently. At least one offer and response is required.

3.  What value do you want to start with? Why? Have you discussed this with your client?

4.  What value do you want to end with? Why? Have you discussed this with your client? It is significantly different from values you have placed on this case at other times? Does your client understand why?

5.  Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6.  What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

E.  CLOSING

1.  Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

2.  How soon could checks/closing documents be received?

3.  If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the Court involved in these talks?

4.  If settlement is not reached, be prepared to discuss it again at the pretrial conference.